*Decision will be entered under Rule 50.*

BESSIE C. WILLIAMSON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80545.　Promulgated August 11, 1936.

*Harry Stickney, Esq.,* and *Murray Seasongood, Esq.,* for the petitioner.

*C. C. Holmes, Esq.,* and *C. C. Guy, Esq.,* for the respondent.

SUPPLEMENTAL OPINION.

MELLOTT: Under date of June 5, 1936, the Board promulgated its opinion (*Bessie C. Williamson,* 34 B. T. A. 668) in which it was held that the respondent did not err in determining the deficiency but that the amount thereof must be adjusted in accordance with the views therein expressed. The petitioner filed a motion for rehearing and for reconsideration and, in the alternative, asked that the decision be reviewed by the full Board. An order was duly entered denying the alternative request and the motion for rehearing and reconsideration was referred to Division No. 11 for attention and consideration. Subsequently petitioner filed a supplemental motion, supported by affidavit, asking in substance that, in the event the motion for rehearing and reconsideration should not be granted, she be permitted to show when actual distribution of the stock in question was made, to the end that the rule enunciated by this Board in *Robert A. Taft, Trustee,* 34 B. T. A. 603, be applied.

Said motions came duly on for hearing and oral argument before Division No. 11 on July 22, 1936. Petitioner was permitted to show, and we now find as a fact, that the stock of the American Rolling Mill Co. was actually transferred to her on July 11, 1932, at which time it had a fair market value of $4.37½ per share; and that the stock of the Columbia Gas & Electric Corporation was actually transferred to her on July 14, 1932, at which time it had a fair market value of $6.62½ per share. We accordingly modify the opinion promulgated June 5, 1936, by substituting for our holding:

We hold that the time of distribution was June 28, 1932, [citing cases]. The fair market value of the stocks at that time (which value has been stipulated) is the basis which must be used in computing petitioner's gain.

the following:

We hold that the time of distribution of the stock of the American Rolling Mill Co. was July 11, 1932, at which time it had a fair market value of $4.37½ per share, and that the time of distribution of the Columbia Gas & Electric Corporation stock was July 14, 1932, at which time it had a fair market value of $6.62½ per share. The fair market value of the shares of stock as herein set out is the basis which must be used in computing petitioner's gain.

The motion for rehearing and reconsideration has been duly considered, but the Board adheres to its decision as promulgated under date of June 5, 1936, in all respects other than as above stated.

The parties agree that the deficiency computed in accordance with the views expressed in our former opinion and as modified herein is $11,639.90 for the year 1932, and $4,425.02 for the year 1933, or a total of $16,064.92. Decision will accordingly be entered finding the deficiency to be as above set out.